IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JIM MORGAN | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-95 |
| DAVID TRAYLOR, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction.**

Jim Morgan d/b/a Morgan Bail Bonds, filed this civil rights suit against the defendants, Rains County and various public officials, alleging violations of his right to due process and state law causes of action. The defendants have filed motions to dismiss (##7, 9). Those motions are granted in part and denied in part for the reasons expressed in this opinion.

**II.  Factual Background and Procedural Posture.[1]**

The plaintiff contends that the defendants, various Rains County officials and the Rains County Attorney, took actions to injure the plaintiff's business of writing bail bonds. Factually, the plaintiff alleges that he became associated with a group of defendants who had been charged in a gambling ring ("the McAnally defendants"). The plaintiff alleges that, because of his association with these defendants, the Sheriff of Rains County, David Traylor, began imposing discriminatory conditions on plaintiff's ability to write bail bonds. According to the plaintiff, Sheriff Traylor

---

[1] The procedural posture of this case requires the court to accept the plaintiff's allegations as true.

demanded that plaintiff supply financial statements and lists of outstanding bonds before the Sheriff would accept the plaintiff's bonds. The plaintiff urges that Sheriff Traylor eventually sent a letter to the Sheriff of Wood County to the effect that Sheriff Traylor would no longer accept plaintiff's bonds on Rains County charges in Wood County. The plaintiff further alleges that Deputy Richard Almon conspired with Sheriff Traylor and that the acts of Sheriff Traylor were on the advice of the Robert Vititow, the County Attorney. The plaintiff alleges federal and state claims arising out of this conduct.

The defendants have filed motions to dismiss for failure to state a claim. The court has considered the motions, responses, and the applicable law. The court will grant the motions in part and deny them in part, as more fully set forth below.

**III.   Discussion.**

    **A.   Motion to Dismiss of Robert Vititow.**

Defendant Vititow moves to dismiss the claims asserted against him on various grounds. That motion (#7) is granted. The plaintiff has not pleaded sufficient facts to justify a conclusion that Defendant Vititow knowingly participated in the deprivation of a constitutional right or a right protected by state law. The plaintiff alleges in conclusory fashion, that "Traylor has stated that his recent actions toward Plaintiff have been made pursuant to and with the advice of Vititow." This is insufficient to allege that Vititow did anything other than to advise the Sheriff in his capacity as the County Attorney. Plaintiff's claims against Vititow are therefore dismissed, with leave to amend, if plaintiff can plead sufficient allegations against Defendant Vititow.

    **B.   Motion to Dismiss of David Traylor, Richard Almon, and Rains County, Texas**

The motion to dismiss filed by David Traylor, Richard Almon and Rains County, Texas (#9)

is granted in part and denied in part.

First, the defendants move to dismiss certain claims on the grounds that they are duplicative. To the extent the plaintiff pleads claims against Defendants Traylor and Almon in their official capacities, those claims are duplicative of the claim alleged against Rains County, Texas and are dismissed without prejudice.

Second, the defendants move to dismiss the claims against them for failing to state a due process claim under 42 U.S.C. § 1983. This aspect of the motion is denied. In *Vera v. Tue*, 73 F.3d 604, 607-08 (5th Cir. 1996), the Fifth Circuit observed that Texas courts had held that the right to earn a living by writing bail bonds was a property interest protected by the Texas Constitution. Alternatively, the court found that the allegations implicated a liberty interest. In either event, due process required notice and an opportunity to be heard. The court denied a claim of qualified immunity because the sheriff's conduct in acting without a hearing was objectively unreasonable. *Id.* at 609 ("we find that no reasonable official could conclude that suspending Vera's bonding privileges without providing him an opportunity to refute the previously referenced allegations would not violate Vera's procedural due process rights."). The allegations in this case, although somewhat different from those in *Vera*, are close enough to be embraced by its holding. In reliance on *Vera*, the court denies the defendant's motions to dismiss the procedural due process claims, including any claim that Traylor and Almon conspired with each other to deprive the plaintiff of his procedural due process rights, *see Nesmith v. Alford*, 318 F.2d 110, 126 (5th Cir. 1963). The court will also deny the motion to dismiss on qualified immunity grounds at this stage, without prejudice to re-urging in a motion for summary judgment. *See Vera*, 73 F.3d at 609.

Third, the defendants move to dismiss the plaintiff's claims for conspiracy under § 1985.

The plaintiff appears to concede that his conspiracy claim is brought pursuant to general principles of agency under § 1983 as articulated in *Nesmith*. Nevertheless, to the extent the plaintiff is alleging a claim under 42 U.S.C. § 1985, the court dismisses the claim for essentially the reasons advanced in the defendants' motion.

Fourth, the defendants move to dismiss plaintiff's claim for "conspiracy to violate plaintiff's first and fourteenth amendment rights of freedom of association." The plaintiff has not demonstrated that he engaged in conduct protected by the First Amendment. The court concludes that the allegations made in this claim for relief fail to state a claim upon which relief may be granted. That portion of the motion to dismiss is therefore granted, with leave to amend.

Fifth, the defendants move to dismiss the plaintiff's state law claims for "intentional torts" asserted against Rains County. This portion of the motion to dismiss is therefore granted, given that plaintiff concedes he is not alleging a claim for intentional torts against Rains County.

Sixth, the defendants move to dismiss the plaintiff's state law claims for "official oppression." The plaintiff has not demonstrated that Texas state law recognizes a civil claim for "official oppression." Plaintiff maintains, however, that the term was used for descriptive purposes, and he intends to allege a state law claim for conspiracy. In light of these statements, the motion to dismiss the state law claim for "official oppression" is granted, with leave to re-plead a state law claim for conspiracy and denominate it as such.

Finally, the defendant Rains County moves to dismiss any claim against it for punitive damages. That portion of the motion is granted. Governmental entities are immune from liability for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**IV.     Conclusion.**

The court grants in part and denies in part the motions to dismiss (##7, 9).  With respect to any portions of the motions that were granted with leave to amend, the plaintiff may amend and replead those claims, to the extent he is able, and provide additional facts in support of those claims. Such amendment shall be filed within ten (10) days of the date of this order.

SIGNED this 11th day of October, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE